**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Lisa B. Wood, ) | C/A No. 2:20-2640-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Trumbull Insurance Company, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Plaintiff's motion to compel Defendant Trumbull Insurance Company's ("Trumbull") reserve file. (Dkt. No. 41.) For the reasons set forth below, the motion is granted.

**I.   Background**

This is an insurance coverage dispute in which Plaintiff Lisa Wood seeks to enforce her underinsured motorist policy from Trumbull following a May 2019 car accident. She brings claims for bad faith and breach of the covenant of good faith and fair dealing. The bad faith claim alleges, *inter alia*, that Trumbull refused to immediately pay her $100,000 in underinsured benefits and extended an offer of $99,000, which is substantially less than its evaluation of her claim. (Dkt. No. 26 ¶ 33.)[1] Plaintiff here seeks to compel Trumbull to produce its reserve file in response to one Supplemental Request for Production ("RFP").

**II.   Legal Standard**

Parties to a civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A matter is relevant if it has any tendency to make a fact of consequence to the action

---

[1] Trumbull asserts that this allegation is refuted by the fact that Plaintiff received its $99,000 offer, but did not reject it or made a counteroffer. (Dkt. Nos. 43 at 7, 26-10.)

-1-

more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency of extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "had had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

### III.     Discussion

Plaintiff's Supplemental RFP demanded:

> A complete copy of the "reserve file" and/or any related communications, including emails, referencing, in any manner whatsoever, establishing reserves for the underinsured claim which is the subject of this litigation.

(Dkt. No. 41-2 at 3.)

Trumbull responded and objected to the Supplemental RFP:

> [O]n the basis the Request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Specifically, and without limitation, Trumbull has not denied coverage to Plaintiff, its insured. Further, the insured has not secured a determination of damages due from the alleged at-fault driver. Consequently, reserve information is not relevant to this first-party bad faith claim.

(Dkt. No. 43-1 at 3.)

First, as to relevancy, Trumbull argues that although courts generally find reserve files relevant to a third-party bad faith claim, they generally find them irrelevant to a first-party bad faith claim. "The determination of the relevance of reserve information depends on the circumstances of each case, and is particularly influenced by whether the case presents a first-party

or third-party claim of bad faith." *McCray v. Allstate Ins. Co.*, No. 3:14-cv-02623-TLW, 2015 WL 6408048, at *4 (D.S.C. Oct. 22, 2015). Regarding a third-party bad faith claim, the fact that the insurance company established a reserve may be probative on the issue of whether there is potential liability. *See id.* (citing to *Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1154 (N.D. Ill. 2001)). "On the other hand, in first-party insurance, the policy either provides coverage or does not. Thus, the potential for liability—and therefore reserve information—is irrelevant to a bad faith claim. Rather, in first-party insurance, the insurer's good faith is determined (1) by the manner and depth of its investigation, and (2) the determination of whether there was a good faith factual or legal question as to whether the loss was covered." *Id*. (denying plaintiff's motion to compel reserve file as irrelevant to first-party bad faith claim).

But as the *McCray* court acknowledged, the district court should arrive at this finding of irrelevance only after taking the "circumstances of each case" into consideration, which includes the parties' other discovery. For instance, in *Imperial Textiles Supplies Inc. v. Hartford Fire Ins. Co.*, the plaintiff's motion to compel production of a reserve file was denied as irrelevant to a first-party bad faith claim where the insurance company had already "produced its claim files which indicate the circumstances concerning its coverage determination." No. 6:09-cv-03103-JMC, 2011 WL 1743751, at *4 (D.S.C. May 5, 2011). Other courts have also taken the parties' other discovery into account. *See, e.g.*, *Kaplan v. Nautilus Ins. Co.*, No. 17-cv-24453-KING/LOUIS, 2018 WL 6463250, at *4 (S.D. Fla. Aug. 22, 2018) ("Defendant similarly represented at the hearing [on the motion to compel] that it has already produced all documents and correspondence pertaining to its denial of Plaintiffs' claim"). Here, Initial RFP No. 1 previously demanded, the "complete claim file (whether home office, regional office, local or other office), Claim No. Y45 AU 133363, under Policy No. 55 PHL." (Dkt. No. 21-1 at 2.) Trumbull responded and provided the "documents

produced herewith at Trumbull_000001 – Trumbull_000521." (*Id*.)  The question now, then, is whether that claim file contained "all documents and correspondence pertaining to its denial of Plaintiff's claim" such that the reserve file is rendered irrelevant. *Kaplan*, 2018 WL 6463250, at *4.  The Court finds that the fact that Plaintiff propounded this Supplemental RFP, to seek additional files, raises a reasonable inference that the claim file previously produced was insufficient in this way and, therefore, that the reserve file is relevant. *See, e.g.*, *ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-cv-00304-DCN-MGB, 2016 WL 11200705, at *3-4 (D.S.C. Dec. 12, 2016) (recommending on motion to compel that reserve information is relevant to first-party bad faith claim because the "court is [ ] unconvinced that the law is so settled that further inquiry is unnecessary").  In light of these particular circumstances, and in acknowledgement of the broad scope of discovery contemplated by Rule 26 and the modest standard for relevance under Rule 401, the Court finds that the reserve file is relevant.

The Court must now address whether the reserve file is also proportional to the needs of this case.  This necessitates considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Because the reserve file is in Trumbull's sole custody and control and is likely easily identifiable, the Court finds that the effort required to produce it is not disproportionate to the needs of the case such that it should not be discoverable under Rule 26.  Having found the reserve file both relevant and proportional, the Court grants Plaintiff's motion to compel its production.

Plaintiff also requests an award of reasonable expenses and attorneys' fees incurred in bringing this motion, pursuant to Rule 37. (Dkt. No. 41-1 at 5.)  Trumbull does not address this

request. Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed.Appx. 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66, n.2 (1988)). The Court finds that Trumbull's legal position was substantially justified, and therefore declines to award Plaintiff any expenses incurred to bring her motion.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 41) is **GRANTED**. Trumbull is directed to produce the reserve file within five (5) business days of the date of this order.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 27, 2021
Charleston, South Carolina